IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 35318-4-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| DANIEL M. CAMPBELL, | ) | |
| | ) | |
| Appellant. | ) | |

PENNELL, J. — Daniel Campbell appeals a trial court order requiring repayment of legal financial obligations (LFOs) prior to release from custody. We grant Mr. Campbell's request for relief and strike the trial court's repayment schedule.

FACTS

Daniel Campbell was convicted of second degree assault. Sentencing took place on May 5, 2017. At sentencing, the trial court imposed a standard range sentence of 63 months' imprisonment, 18 months' community custody and mandatory LFOs of $800.00. The court declined to impose discretionary LFOs based on Mr. Campbell's inability to pay.

During a colloquy with the court, defense counsel requested Mr. Campbell's LFO payments be deferred until after release from custody. The trial court denied this request. The court expressed concern that interest on the LFOs would accrue during Mr.

Campbell's time in custody and that Mr. Campbell needed to start paying down his LFOs

as soon as possible. The trial court therefore ordered Mr. Campbell to make payments of

$5.00 per month, beginning on May 15, 2018.

The written judgment and sentence contains the following paragraph addressing

Mr. Campbell's repayment schedule:

> All payments shall be made in accordance with the policies of the clerk of
> the court and on a schedule established by the DOC or the clerk of the
> court, commencing immediately, unless the court specifically sets forth the
> rate here: Not less than $5.00 per month commencing 5/15/2018. RCW
> 9.94A.760.

Clerk's Papers at 140.

## ANALYSIS

Mr. Campbell appeals the portion of his judgment and sentencing requiring

repayment of LFOs prior to release from confinement. We review this matter for abuse

of discretion. *State v. Clark*, 191 Wn. App. 369, 372, 362 P.3d 309 (2015). Although the

State has not yet sought collection of Mr. Campbell's LFOs, Mr. Campbell's challenge is

ripe for review. *State v. Blazina*, 182 Wn.2d 827, 830, 832 n.1, 344 P.3d 680 (2015).

To be valid, an LFO repayment order must satisfy several factual foundations.

Among other things, the order must take into account a defendant's financial resources

and only require payments that the defendant will be able to make. *State v. Duncan*,

185 Wn.2d 430, 437, 374 P.3d 83 (2016). In addition, an order requiring specific

monthly payments must be structured so as to enable a defendant to retire his or her

LFOs. *City of Richland v. Wakefield*, 186 Wn.2d 596, 607, 380 P.3d 459 (2016); *State v.*

*Sorrell*, 2 Wn. App. 2d 156, 173, 408 P.3d 1100 (2018).

The trial court's requirement that Mr. Campbell begin paying LFOs at $5.00 per

month starting on May 15, 2018, lacked factual justification. The trial court had no

reason to believe Mr. Campbell would be able to afford payments toward his LFOs by

May 15, 2018. Mr. Campbell will still be serving his sentence by May 15 and most likely

will not yet be eligible for work release. *See* WAC 137-56-040 (eligibility for work

release does not begin until last 180 days of incarceration). In addition, at the time of

sentencing the trial court had no reason to believe $5.00 per month would ever permit Mr.

Campbell to retire his LFOs.[1]

Because the trial court lacked a sufficient basis for imposing Mr. Campbell's LFO

repayment schedule, this portion of the judgment and sentence must be stricken.

However, full resentencing is unwarranted. Striking the LFO repayment portion of

Mr. Campbell's judgment and sentence will permit the Department of Corrections to set

an appropriate payment schedule based on Mr. Campbell's individual circumstances.

---

[1] The law has since changed. Starting June 7, 2018, interest will no longer accrue on nonrestitution LFOs. Laws of 2018, ch. 269, § 1.

No. 35318-4-III
*State v. Campbell*

RCW 9.94A.760(1), (7). Mr. Campbell makes no showing that further relief is warranted at this time.

CONCLUSION

This matter is remanded to the trial court with instructions to strike the repayment schedule set forth on Mr. Campbell's judgment and sentence. Because Mr. Campbell has prevailed on appeal, the State is not entitled to costs.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Pennell, J.

I CONCUR:

_____
Lawrence-Berrey, C.J.

4

No. 35318-4-III

SIDDOWAY, J. (Dissenting) — The legislature has directed sentencing courts to set a sum that an offender is required to pay towards satisfying legal financial obligations (LFOs), and to do so on the judgment and sentence or a subsequent order to pay. RCW 9.94A.760. The legislature has authorized the sentencing court to designate a period in which the LFOs may be paid and to do so at sentencing—a time when the legislature would have been well aware that the sentencing court cannot predict when the offender will have resources with which to pay. RCW 9.92.070.

The legislature has deemed it appropriate that a portion of incoming funds received by an inmate during incarceration be applied to his or her LFOs. RCW 72.09.480(2). Some deductions do not apply to funds an inmate receives as settlements or awards resulting from legal action. RCW 72.09.480(2)-(3), 72.09.111(1)(a). The deductions do not apply to funds received for the Department of Correction's (DOC) education, vocation, or postsecondary education degree programs; for postage expenses; or for certain medical expenses. RCW 72.09.480(6)-(8). The legislature has also deemed it appropriate that a portion of an inmate's wages be applied to his or her LFOs. RCW 72.09.111. These deductions from incoming funds and inmate wages have been held constitutional as long as they do not exceed the cost of incarceration. *Wright v. Riveland*, 219 F.3d 905, 918 (9th Cir. 2000); *In re Pers. Restraint of Metcalf*, 92 Wn. App. 165, 176, 963 P.2d 911 (1998).

In this case, the sentencing court was asked by the State to set a minimum monthly payment and a commencement date. Report of Proceedings (RP) at 287. It agreed to do

so, knowing that it was impossible to predict when Mr. Campbell might have resources available with which to pay. RP at 294-95. In setting the date and amount, the sentencing court would have been aware that during the period of supervision, the DOC could recommend a change in the monthly payment schedule to reflect Mr. Campbell's financial circumstances. RCW 9.94A.760(7)(a). The sentencing court would also have been aware of constitutional limitations on a system that requires defendants to pay court ordered LFOs, including among other limitations that Mr. Campbell could not be held in contempt for failure to repay if his default was not attributable to an intentional refusal to obey the court order or a failure to make a good faith effort to make repayment. *State v. Duncan*, 185 Wn.2d 430, 436, 374 P.3d 83 (2016).

Following Mr. Campbell's sentencing, the legislature enacted LFO reform, under which Mr. Campbell has further protection from adverse consequences in the event he has no resources available on the court-ordered commencement date for his payments. LAWS OF 2018, ch. 269, §§ 8, 13, 15. The changes are effective in a matter of weeks, on June 7, 2018. *Id.* at ii. Under the new law, if the State initiates a show cause proceeding because payments are not being made and the court determines that the nonpayment is not willful, Mr. Campbell could be relieved of some of his LFOs at that time:

> [T]he court *may*, and if the court finds that the defendant is indigent as defined in RCW 10.101.010(3) (a) through (c), the court *shall* modify the terms of payment of the legal financial obligations, reduce or waive nonrestitution legal financial obligations, or convert nonrestitution legal financial obligations to community restitution hours, if the jurisdiction operates a community restitution program, at the rate of no less than the state minimum wage . . . for each hour of community restitution,

2

*Id.* at § 13 (emphasis added), although the crime victim penalty assessment may not be reduced, waived or converted to community restitution hours. *See id.*

From the sentencing court's statements at sentencing, I construe it as reasoning that paying down his LFOs will be easier for Mr. Campbell while incarcerated and having State-provided room and board than it will be following his release. Defense counsel had referred during sentencing to his client's past struggles finding housing. RP at 291. If a sentencing court wishes to exercise its discretion to set a minimum payment amount and commencement date rather than leave that decision to the DOC, we should respect that. If a sentencing court believes that an offender is better served in the long run by starting to pay down LFOs with incoming funds and wages while incarcerated, we should respect that. The legislature gave the discretion to set the commencement date and payment amount to the sentencing court, not to us.

For this reason, I dissent.

Siddoway, J.

_____
SIDDOWAY, J.